■ GEORGE DENNIS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41168.) — AULISI, J. Cross appeals from a judgment of the Court of Claims entered in the office of the Clerk on January 27, 1965, for land taken for highway construction in the City of Albany. Claimant was the owner of property comprising approximately 43.4 acres located contiguous to Southern Boulevard in the City of Albany. Southern Boulevard is also New York State Route 9W and claimant's property is located opposite Thruway Exit No. 23. Certain of the property along Southern Boulevard was at the time of appropriation under lease to a motel and a gas station and another parcel had been conveyed out. The balance of claimant's land was unimproved. The tract from which the appropriations were made, including the leased and alienated area, contained approximately 32.9 acres. Pursuant to section 30 the Highway Law, the State appropriated 3.876 acres consisting of three parcels which included frontage but no access along Southern Boulevard and access to two paper streets to the north. The entire tract had been formerly zoned residential but the areas under lease had been changed to accommodate their present uses. Claimant's access to Southern Boulevard both before and after taking remained the same and one parcel appropriated, containing approximately 1.9 acres which abutted one of the

paper streets, was traversed by two ravines. Claimant's expert set a before taking value of $1,107,790 and an after value of $961,200 which when rounded out made total damages of $146,600 of which he stated $46,763 were consequential damages. The State's expert found the before value to be $633,547 with an after value of $620,678 for a total damage figure of $12,869. He stated that any consequential damages to the remaining property were offset by benefits to it. The Court of Claims found the fair and reasonable market value of the property before the taking was $658,000, the market value after the taking was $580,480 and that the amount of claimant's damage was $77,520, representing all direct damage with no consequential damage. The court also found that the highest and best use of the subject property both before and after the appropriation was commercial. The State urges that since the court's before value of $658,000 for 32.9 acres reduces to a per acre evaluation of $20,000 and the court's award for the 3.876 acres taken also reduces arithmetically to $20,000 per acre that the court erred by assigning the same value to the raw, unimproved acreage as to the improved, income-producing sections. If this were the case and an award were based on such valuation, the State's contention would have to be sustained in that such evaluation is improper. (*Midcourt Bldrs. Corp.* v. *State of New York*, 24 A D 2d 532.) Claimant argues that the finding of no consequential damages is error since his expert found consequential damages as did the State's expert even though the State's expert was of the opinion that any such damage was offset by benefits which he failed to enumerate. Although the possibility appears from the record that the amount of the consequential damage may be completely offset, there is no evidence to support a finding that there was *no* consequential damage (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). In addition, the State argues that the court's conclusion that the highest and best use of the subject property was commercial treats rezoning as an accomplished fact. The probability of an imminent zoning change can be considered in evaluating the property, if substantiated by the record, but necessarily requires a discount from full commercial value (see *Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796). We are unable to adequately review the foregoing questions as well as the ultimate claim of excessiveness because the determination before us does not set forth its method of evaluation. Determination of the appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.